# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JOSEPH ANTHONY SPINA,

    Debtor.

Case No. 11-15981-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE was before the court on April 25, 2012, on the application for compensation of counsel for the chapter 13 debtor. Counsel entered into a written fee agreement with the debtor providing for payment of a fixed fee of $3,000 for specified work in the chapter 13 case with additional work to be billed at the rate of $350 an hour. Counsel expended more than 9.0 hours for services included in the flat fee and does not ask for additional compensation for those services. Additional services beyond those included in the flat fee were for filing an amended chapter 13 plan, stripping off a wholly unsecured second trust, and attending to a miscellaneous item. The total amount of additional time expended was 22 hours for which counsel requests $7,700.

The time records reflect that counsel spent 4.7 hours on the amended chapter 13 plan; 16.2 hours on the adversary proceeding to strip the second deed of trust; 0.9 hours on other items; and 0.2 hours to re-notice the fee application.

Not all of the time expended on the adversary proceeding will be allowed. Counsel charged 4.0 hours to attend the pre-trial conference on February 13, 2012, and an additional 4.0 hours to attend the hearing on the motion for default judgment the following day. The court appearances were unnecessary. Most lien strip complaints end in a default judgment. This one was no exception. In these cases, it is generally not necessary for counsel to make a court appearance.

1

Once the lender becomes in default, counsel may file a motion for default judgment and set it on the court's motions day docket. If all of the papers are in order and if the motion has been filed sufficiently in advance of the hearing date so that any objection period will expire with enough time left for the court to review the motion and the supporting documents before the hearing date, the court will generally enter an order granting the default judgment without an appearance by counsel. The documents that are required to support a motion for default judgment, all of which may be filed as exhibits to the complaint, are a copy of the deed to the property; a copy of the deed of trust to be stripped off; a copy of the appraisal as of or in reasonably close proximity the date of the filing of the petition; and the payoff of the prior liens which may be taken from proofs of claim, payment statements or other reliable documentation. If these documents are provided, the court can evaluate the motion for default judgment and act accordingly. The motion for the default judgment should be filed shortly after the debtor becomes in default and, in any event, sufficiently in advance of the pre-trial conference so as to moot the pre-trial conference and avoid a court appearance. In this case, both hearings were unnecessary and compensation for them will be disallowed. In reviewing the balance of the time expended in the adversary proceeding, five hours is a reasonable amount of time to prepare the complaint, the motion for default judgment, and the final order, and to serve them. Fees will be allowed for the adversary proceeding in the amount of $1,750.

Counsel charged 0.2 hours to file a revised notice of hearing on an application for compensation. The original notice of hearing scheduled the matter for the wrong time. Correcting this error is not a matter for which counsel may be compensated.

In reviewing the fee application as a whole and taking into account the time reasonably necessary for the adversary proceeding, the application will be approved for fees in the total amount

of $3,710 and expenses of $250.

    Alexandria, Virginia
    April 26, 2012

                                                              /s/ Robert G. Mayer
                                                              Robert G. Mayer
                                                              United States Bankruptcy Judge

17685